UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT E. MASHATT,

        **Plaintiff,**                 **CIVIL ACTION NO. 13-cv-13712**

        **v.**                      **DISTRICT JUDGE PATRICK J. DUGGAN**

**COMMISSIONER OF**            **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

        **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Robert Mashatt seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 14) and Defendant's Motion for Summary Judgment (docket no. 17). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 3.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

## I. RECOMMENDATION

For the reasons stated herein, Plaintiff's Motion for Summary Judgment (docket no. 14) should be GRANTED IN PART and DENIED IN PART, and Defendant's Motion for Summary Judgment (docket no. 17) should be DENIED. The undersigned recommends that this matter be

remanded for a re-determination at steps one through five of the sequential evaluation process in accordance with the correct alleged onset date of April 18, 2008.

## II.    PROCEDURAL HISTORY

Plaintiff filed an application for supplemental security income (SSI) with a protective filing date of April 21, 2008, alleging disability beginning April 18, 2008,[1] due to severe depression, attention deficit disorder, asthma, bipolar disorder, voices, and seizures. (*See* TR 274-78, 340.) The Social Security Administration denied Plaintiff's claims on August 8, 2008, and Plaintiff requested a *de novo* hearing. (TR 142, 168.) On October 20, 2009, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Walter Orr. (TR 51-81.) In a March 18, 2010 decision, the ALJ found that Plaintiff was not entitled to benefits because he was capable of performing his past relevant work as a cashier. (TR 147-54.) The Appeals Council reviewed and vacated ALJ Orr's hearing decision and remanded Plaintiff's case to an ALJ for further resolution. (TR 159-63.) On remand, Plaintiff appeared with a representative and testified at a hearing before ALJ Anthony R. Smereka on August 9, 2011. (TR 82-141.)

Plaintiff also filed an application for a period of disability and disability insurance benefits with a protective filing date of October 19, 2011, alleging disability beginning September 9, 2008. (TR 325-26.) In a November 22, 2011 decision, ALJ Smereka addressed both of Plaintiff's applications and found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy. (TR 20-44.) The Appeals Council declined to review ALJ Smereka's decision (TR 1-6), and Plaintiff commenced this action for

---

[1]The Administrative Law Judge set forth and relied upon an alleged onset date of August 14, 2008 in his decision. (TR 21, 44.) Plaintiff claims that this is an error worthy of remand. (Docket no. 14 at 24-25.) The undersigned has addressed this issue herein.

2:13-cv-13712-PJD-MKM Doc # 19 Filed 03/01/15 Pg 3 of 12 Pg ID 1577

judicial review.  The parties then filed cross motions for summary judgment, which are currently

before the Court.

## III.     HEARING TESTIMONY AND MEDICAL EVIDENCE

### A.     Plaintiff's Testimony

Plaintiff was 26 years old at the time of the administrative hearing and 23 years old on the

alleged onset date.  (TR 43.)  The ALJ summarized Plaintiff's testimony as follows:

> The claimant testified that he experiences black outs if he starts worrying about
> something too much, but that he has worried less since he moved in with his mother
> in the end of 2008.  The claimant reported that his last black out was in April of
> 2011, and that his previous black out was in February of 2011.  The claimant
> reported that he has been instructed to keep a journal with regard to black outs, but
> that [he] keeps forgetting to keep a journal.  The claimant admitted that he has tried
> drugs once in the past, but submitted that he has not abused alcohol or drugs since
> 2008, the alleged onset date.  The claimant testified that he takes Flovent and
> occasionally uses a nebulizer for his asthma and a medication to make him sleep, but
> that he has stopped taking Risperdal since he stopped hearing voices and seeing
> things and that he stopped taking Depakote because it was "blowing him up."  The
> claimant submitted that he has not heard voices or seen things since 2009.

(TR 28.)  Defendant asserts that "[t]he ALJ thoroughly presented Plaintiff's testimony . . . in this

case." (Docket no. 17 at 5.)  Plaintiff has not challenged the ALJ's account of his hearing testimony

and does not challenge the ALJ's credibility determination.  Thus, the undersigned will incorporate

the ALJ's summary of Plaintiff's testimony by reference and make further comments and citations

to Plaintiff's testimony throughout this Report and Recommendation as necessary based on the

undersigned's independent review of the hearing transcript.

### B.     Vocational Expert's Testimony

Although the ALJ relied on the testimony of the vocational expert (VE) in reaching his

conclusion that Plaintiff was "not disabled," for the reasons discussed below, the VE's testimony

is not relevant with regard to the Motions currently pending before the Court.

### C.       Medical Record

Plaintiff (docket no. 14 at 5-6) and the ALJ (TR 29-41) each set out a factual background

related to Plaintiff's medical record.   Defendant adopts the ALJ's factual account. (*See* docket no.

17 at 5.)  There are no significant inconsistencies between the two accounts; thus, the Court will

incorporate them by reference herein.  The undersigned has, however, conducted an independent

review of Plaintiff's medical record and will include comments and citations as necessary

throughout this Report and Recommendation.

## IV.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since August 14,

2008, and that Plaintiff suffered from the following severe impairments: mood disorder, not

otherwise specified (NOS), rule out somatization; personality disorder, NOS; history of

schizophrenia; substance abuse in remission; non-epileptic seizure disorder/pseudoseizure disorder;

low average intellectual functioning; migraine headaches; obesity; and asthma.  (TR 23-24.)  The

ALJ also found, however, that Plaintiff's impairments did not meet or medically equal the severity

of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (TR 24-27.)  The ALJ then

found that Plaintiff had the following residual functional capacity:

> [T]he claimant has the residual functional capacity to perform a full range of work
> at all exertional levels but with the following nonexertional limitations: the claimant
> is limited to work that does not involve contact with the general public; the claimant
> is limited to work that involves only occasional contact with coworkers or
> supervisors; the claimant is limited to work that does not involve unprotected heights
> or dangerous moving machinery; the claimant cannot perform fast paced work; the
> claimant requires work that does not involve hazards; and the claimant is limited to
> work that does not involve exposure to concentrated dust, fumes, gases or poor
> ventilation.

(TR 28-43.)  Subsequently, in reliance on the VE's testimony, the ALJ determined that Plaintiff was

capable of performing a significant number of jobs in the national economy.  (TR 43-44.)  Therefore,

the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from August 14, 2008, through the date of the ALJ's decision. (TR 44.)

## V.     LAW AND ANALYSIS

### A.     Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

5

### B.       Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step

sequential analysis.  In the first four steps, Plaintiff was required to show that:

(1)      Plaintiff was not presently engaged in substantial gainful employment; and

(2)      Plaintiff suffered from a severe impairment; and

(3)      the impairment met or was medically equal to a "listed impairment;" or

(4)      Plaintiff did not have the residual functional capacity (RFC) to perform relevant past
         work.

*See* 20 C.F.R. § 404.1520(a)-(f).  If Plaintiff's impairments prevented Plaintiff from doing past work,

the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work

experience to determine if Plaintiff could perform other work.  If not, Plaintiff would be deemed

disabled.  *See id.* at § 404.1520(g).  The Commissioner has the burden of proof only on "the fifth

step, proving that there is work available in the economy that the claimant can perform."  *Her*, 203

F.3d at 391.  To meet this burden, the Commissioner must make a finding "supported by substantial

evidence that [the claimant] has the vocational qualifications to perform specific jobs."  *Varley v.*

*Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987).  This "substantial evidence"

may be in the form of vocational expert testimony in response to a hypothetical question, "but only

'if the question accurately portrays [the claimant's] individual physical and mental impairments.'"

*Id.* (citations omitted).

### C.       Analysis

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in

conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a

sentence-four remand); and (2) a pre-judgment remand for consideration of new and material

evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)).  Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing.  42 U.S.C. § 405(g).  Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff alleges multiple errors in the ALJ's decision.  As an initial matter, Plaintiff asserts that the ALJ erred by relying upon an incorrect alleged onset date of August 14, 2008.  (Docket no. 14 at 24-25.)  "The onset date of disability is the first day an individual is disabled as defined in the Act and the regulations."  Soc. Sec. Rul. 83-20, 1983 WL 31249, at *1.  "In many claims, the onset date is critical; it may affect the period for which the individual can be paid and may even be determinative of whether the individual is entitled to or eligible for any benefits."  *Id.*  Generally, in title XVI cases, "[o]nset will be established as of the date of filing provided the individual was disabled on that date . . . since there is no retroactivity of payment because title XVI payments are made beginning with the date of application provided that all conditions of eligibility are met."  *Id.* at *7.  "In cases of currently or previously hospitalized claimants alleging disability on the basis of a psychiatric impairment, the allegation of the beginning date of disability may be made in the disability application."  *Id.* at *4.

The record indicates that from April 19, 2008 to April 29, 2008, Plaintiff sought emergency psychiatric treatment three different times at two local hospitals and also received inpatient

psychiatric treatment at a behavioral medicine center. (TR 436-482.)[2] It was during this period that Plaintiff protectively filed his title XVI application for SSI on April 21, 2008, alleging an onset date of April 18, 2008. (TR 274-278.) This alleged onset date appears throughout the case record, and was relied upon by both ALJ Orr in his hearing decision as well as the Appeals Counsel in ordering remand of this matter. (TR 10, 147, 161, 224, 274, 280, 335, 340, 396.) The first reference to an alleged onset date of "August 2008" was made by ALJ Smereka at the hearing. (TR 85.) He then relied upon an alleged onset date of August 14, 2008 in his hearing decision (TR 21, 44).

Defendant asserts that "[i]t appears that the ALJ considered a revised onset date, revised from April 2008 to August 2008, based on some revision that took place in June 2009" but admits that "[i]t is not entirely clear" why it was revised. (Docket no. 17 at 23 (citing TR 279).) Plaintiff asserts that the August 14, 2008 alleged onset date is erroneous and that there is no evidence in the record that Plaintiff ever amended his onset date from April 2008 to August 2008. (Docket no. 14 at 24.) The undersigned has conducted an independent review of the record and agrees with Plaintiff. There is no record evidence that Plaintiff amended his onset date, nor is there any evidence that ALJ unilaterally amended Plaintiff's onset date for a specified, legitimate reason.

The document cited by Defendant above to support her argument is a computer-generated document titled "Full DIB Review Sheet" and is dated June 10, 2009. (TR 279-304.) This document contains a myriad of data regarding Plaintiff's disability claims, such as recent work and prior disability claim denials. Defendant mistakenly relies on a small portion of this document, which reveals that Plaintiff filed a Title II claim for disability insurance benefits on May 1, 2009,

---

[2]Although Plaintiff's medical records regarding his April 19, 2008 visit to Central Michigan Community Hospital are part of the transcript in this matter (Exhibit 19F), they were not filed with the Court along with the rest of the transcript. The undersigned, therefore, relied upon the ALJ's decision for information regarding this event. (TR 30.)

alleging an onset date of August 14, 2008, which was denied at the initial determination level in June of 2009. (TR 279.) In fact, on the next page under a section titled "SSID Data (Title XVI)," is a record of Plaintiff's instant SSI claim indicating that it was filed on April 21, 2008, with an alleged onset date of April 18, 2008, and was denied at the initial determination level on August 8, 2008. (TR 280.) Moreover, the "Disability Determination Transmittal," which was filed as part of the transcript in this matter, also indicates that Plaintiff's instant claim was initially denied on August 8, 2008. (TR 142.)

It is inexplicable and illogical that a claim for SSI with an onset date of August 14, 2008 could be denied on August 8, 2008, one week before the alleged disability even started. Accordingly, the undersigned finds that the correct alleged onset date in the instant matter is April 18, 2008. For reasons unbeknownst to the Court, the ALJ improperly relied on an incorrect onset date of August 14, 2008 in reaching his unfavorable decision.

Such an error, however, is not necessarily a basis for remand unless Plaintiff can demonstrate that it prejudiced him, either alone or in combination with other errors. *Ehrob v. Comm'r of Soc. Sec.*, No. 09-13732, 2011 WL 977514, at *6 (E.D. Mich. Mar. 17, 2011) (citing cases). Plaintiff alleges that it has. (*See* docket no. 14 at 24-25.) Defendant counters that "it makes little difference whether the ALJ had the correct alleged onset date because the ALJ considered, in detail, the period from April 2008 through August 2008." (Docket no. 17 at 23.) The undersigned disagrees with Defendant.

Indeed, the ALJ provided a thorough discussion of Plaintiff's medical evidence dating from April 2007 to June 2011. Nevertheless, Plaintiff's medical record contains a significant amount of evidence generated between April 18, 2008 and August 14, 2008 that is highly relevant and, in some instances, favorable to Plaintiff's claims of disability, and it is not evident to what extent the ALJ

9

properly considered or relied upon this evidence, if at all, in making his decision.  In fact, the ALJ both directly and indirectly discounted some of this evidence based on the fact that it occurred prior to the incorrect onset date of August 14, 2008.  For example, the ALJ stated: "Gratiot Medical Center records from prior to the alleged onset date provide that the claimant presented to the emergency department on April 23, 2008 with complaints of a change in behavior." (TR 30.)  Also, the ALJ discounted the May 27, 2008 opinion of John Wagner, PA-C, in part because his "opinion is from a period prior to the alleged onset date." (TR 31.)  And with regard to Dr. Bruce Douglass's August 8, 2008 opinion, the ALJ stated that "[a]lthough Dr. Douglass' opinion is accorded great weight with regard to the claimant's functional capacity for the period prior to [the] alleged onset date, it has not been relied upon in this disability determination given that Dr. Doglass [sic] relied on records from prior to the alleged onset date." (TR 31-32.)

Based on the facts and analysis set forth above, the undersigned finds that Plaintiff has suffered prejudice as a result of the ALJ's error.  Remand on this basis alone is warranted, as it is not possible to determine whether the ALJ's error affected his determination at steps one through five of the sequential evaluation process and whether his determination is supported by substantial evidence.  Consequently, the undersigned is unable to conduct a meaningful review of the ALJ's decision and will not address the arguments Plaintiff sets forth in his brief regarding whether the ALJ properly determined his severe impairments, the weight the ALJ afforded to the opinions of Plaintiff's treating physicians, and the ALJ's RFC assessment.

Plaintiff's only other argument unrelated to the substance of the ALJ's decision is whether the ALJ had the authority to assume jurisdiction of and adjudicate Plaintiff's title II claim for disability insurance benefits.  (Docket no. 14 at 25-26.)  As noted above, Plaintiff filed his application for a period of disability and disability insurance benefits with a protective filing date

of October 19, 2011, alleging disability beginning September 9, 2008. (TR 325-26.) According to the Social Security Administration's Program Operations Manual System (POMS) DI 20101.025, "[t]he SSA has full jurisdiction for cases in which a subsequent claim is filed . . . while an Administrative Law Judge (ALJ) hearing is pending on a prior claim of the same type." POMS DI 20101.025. "If the claimant files a claim under one title while a claim under the other title is pending at the hearing level, the [field office (FO)], in conjunction with the ALJ, decides whether a common issue exists." *Id*. "A common issues [sic] exists when two or more claims, in any combination, share an overlapping period of time, all having the same deciding issue, whether medical or substantial gainful activity. If a common issue exists and the ALJ and claimant agree to join the claims, the FO routes the case to the ALJ according to the instructions in DI 12045.005." *Id*. "If a common issue does not exist, or if the claimant or ALJ objects to joining the claims, the FO documents the file as to the reason no common issue exists and sends the case to DDS." *Id*. Plaintiff and Defendant will have the opportunity to address this procedural issue on remand.

## VI.    CONCLUSION

For the reasons stated herein, the undersigned recommends that Plaintiff's Motion for Summary Judgment (docket no. 14) be GRANTED IN PART and DENIED IN PART, Defendant's Motion for Summary Judgment (docket no. 17) be DENIED, and this matter be remanded for a re-determination at steps one through five of the sequential evaluation process in accordance with the correct alleged onset date of April 18, 2008.

## <u>REVIEW OF REPORT AND RECOMMENDATION</u>

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for

in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections

constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard*

*v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638

F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with

specificity will not preserve all objections that a party might have to this Report and

Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991);

*Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to

Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of*

*Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court.  The response shall address

specifically, and in the same order raised, each issue contained within the objections.


Dated: March  1, 2015          s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel
of Record on this date.

Dated: March 1, 2015           s/ Lisa C. Bartlett
                               Case Manager